<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICIA MEYLER, | : : : | |
| Plaintiff, | : : | Civ. No. 04-4669 (GEB) |
| v. | : : : | |
| COMMISSIONER OF SOCIAL SECURITY, | : : : | **MEMORANDUM OPINION** |
| Defendant. | : : : | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion of plaintiff Patricia Meyler ("Plaintiff" or "Meyler") for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth in this Memorandum Opinion, issued without oral argument pursuant to Federal Rule of Civil Procedure Rule 78, Plaintiff's motion is granted in part.

**I.   BACKGROUND**

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on September 6, 2001, alleging disability beginning on January 1, 1996. (Petr.'s Br. 2.) Her application was denied by the SSA, after which she requested a hearing before an Administrative Law Judge ("ALJ"). (<u>Id.</u>) On February 27, 2003, a hearing was held before ALJ Richard Desteno who denied Plaintiff's application. Plaintiff then sought review by the District Court on her SSI claims. (<u>Id.</u>) On August 3, 2006, this Court issued an opinion and order denying

1

Plaintiff's claim for SSI benefits. (Id.) Plaintiff appealed this Court's decision to the Third Circuit Court of Appeals. (Gov't Opp'n at 1.) However on June 22, 2007, the Third Circuit ordered that Plaintiff's initial appellate brief be struck in its entirety because it contained excessive ad hominem attacks against the ALJ, which violated Third Circuit Local Appellate Rule 28.1(c). (Gov't Opp'n, Order at 1.) The Circuit Court granted counsel twenty days to submit a substitute brief. (Id. at 1-2.) Plaintiff then submitted a second brief and the Government filed a second response. (Gov't Opp'n at 2.) On August 28, 2007, the Third Circuit issued a favorable opinion for Plaintiff and remanded the case to the Commissioner for further administrative proceedings. (Id.) On November 1, 2007, Plaintiff filed the instant motion for attorney's fees pursuant to the EAJA. (Docket Entry No. 14.)

## II.   DISCUSSION

The Government concedes that Plaintiff is a prevailing party and that the Government's position was not substantially justified. However, the Commissioner opposes Plaintiff's motion for attorney's fees on the ground that her counsel's "continued unprofessional conduct" constitutes special circumstances that make an award of fees unjust. (Gov't Opp'n at 3.) Alternatively, if attorney's fees are awarded to Plaintiff, the Commissioner asserts that the fees should be awarded directly to Plaintiff and not her counsel. (Id. at 5.) By contrast, Plaintiff's counsel asserts that Plaintiff should be awarded attorney's fees for prevailing on appeal and that these fees should be paid directly to counsel. (Petr.'s Br. 3.)

### A. Whether Plaintiff Is Entitled To Attorney's Fees

In enacting the EAJA, Congress sought to remove the financial barriers faced by individuals litigating valid claims against the United States (the "Government"). Williams v.

Comm'r of Soc. Sec., No. 07-0810, 2008 LEXIS 36349, at *8-9 (D.N.J. May 5, 2008).  The EAJA provides that a court shall award attorney's fees to a prevailing party in a civil action against the Government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  Few courts have relied upon the special circumstances exception to deny EAJA awards.  As such, the "circumstances of a case will infrequently justify a denial of an award."  Taylor v. United States, 815 F.2d, 249, 253 (3d Cir. 1987).  In explaining the special circumstances exception, the United States House of Representatives has stated that:

> The government should not be held liable where special circumstances would make an award unjust. This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions of the law that often underlie vigorous enforcement efforts.  *It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.*

H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. & Ad News 4953, 4984, 4990 (emphasis added).  Thus, the EAJA "explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees."  Taylor, 815 F.2d at 252, quoting Oguachuba v. Immigration and Naturalization Service, 706 F.2d 93, 98 (2d Cir. 1983).  Therefore, equitable principles may dictate that plaintiff's counsel's fees be partially reduced.  In addition, Section 2412(d)(1)(C) of the EAJA states that:

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(C).  Finally in making its determination, the Court should consider the prevailing party's application for attorney's fees in "light of all the circumstances," not solely on

a single action or claim on which the applicant succeeded.  Oguachuba, 706 F.2d at 99.

As noted in the Third Circuit's opinion, Plaintiff's counsel has violated Third Circuit Local Appellate Rule 28.1(c) in the past by filing inappropriate briefs.  In the instant case, because of the ad hominem attacks and offensive language employed by counsel in his initial appellate brief, the Third Circuit took the unusual step of striking counsel's brief in its entirety for falling short of "appropriate professional behavior." (Gov't Opp'n, Order at 1.)  Incredibly, counsel's substitute brief to the Third Circuit still "continue[d] to make disrespectful, unwarranted allegations against the ALJ."  Meyler v. Comm'r of Soc. Sec., 238 F. App'x 884, 888 n.2 (3d Cir. 2007).  The Circuit Court admonished Plaintiff's counsel to "cease this unprofessional conduct or be subject to sanctions."  Id.

Despite the persistent pattern of misconduct by Plaintiff's counsel, the Court is not persuaded that special circumstances exist to justify a complete denial of attorney's fees.  While counsel's conduct is objectionable, the Court distinguishes it from attorney misconduct that has been duplicitous or dishonest and has resulted in a denial of all fees.  See Bryant v. Apfel, 37 F. Supp. 2d 210, 213-14 (E.D.N.Y. 1999) (attorney's failure to produce crucial medical records to the court skewed the outcome); Dubose v. Pierce, 579 F. Supp. 937 (D.Conn. 1984) (attorney misconstrued his employment status to the court).  In the present case, counsel has not attempted to deceive the court.  While this Court does not condone counsel's rhetoric, counsel's behavior falls short of intentionally trying to pervert justice.  The Court therefore holds that "special circumstances" do not exist as to justify a complete denial of counsel fees.  28 U.S.C. § 2412(d).

The Court will however partially reduce counsel's award of attorney's fees.  Plaintiff's counsel engaged in conduct that "unduly and unreasonably protracted the final resolution of the

matter in controversy." 28 U.S.C. § 2412(d)(1)(C). Plaintiff's counsel's inappropriate rhetoric in his first brief on appeal delayed this case by three weeks to allow counsel to file a second brief in compliance with Third Circuit Local Appellate Rule 28.1(c). (Gov't Opp'n, Order at 1-2.) This delay, caused by Plaintiff's counsel, was unreasonable, especially considering counsel was previously warned four times to avoid such disrespectful conduct. Equity also dictates that the award be reduced because of Plaintiff's counsel's persistent misconduct. See Taylor, 815 F.2d at 252. Accordingly, the Court will reduce counsel's award by the time spent during the appellate process.

    The Court will reduce counsel's award of attorney's fees by 5.5 hours. First, the Court subtracts the 1.5 hours spent on preparing the rough draft of Plaintiff's first brief. (Petr.'s Br., Fee Chart, 2.) Second, the Court removes the 0.75 hours used to receive and review the appellee's first response to counsel's brief – a response that was made superfluous after counsel's brief was stricken. Id. Third, the Court subtracts the 2.5 hours spent on preparing the final draft of Plaintiff's substitute brief.[1] Id. Finally, the Court subtracts the 0.75 hours for reviewing the Government's second response, which would have been unnecessary if counsel did not originally submit an inappropriate brief. Id. Because the Government has not challenged Plaintiff's stated hourly rate, the reduction in hours will result in a decrease of $842.88 in the Plaintiff's requested

---

[1] The Court also notes that 2.5 hours is an unusually long time to prepare the final draft of a brief that should have essentially been already written. In preparing this final brief, counsel's only task, as far as this Court is aware, was to remove the incendiary comments present in counsel's first brief. The Court again notes the Third Circuit's comment that counsel's "new brief is not much improved over the original as it continues to make disrespectful, unwarranted allegations against the ALJ." Meyler, 238 F. App'x at 888 n.2.

fees.[2] Additionally, as the Government does not object to Plaintiff's request for $817 in costs for filing and printing fees, that amount will be paid in full. (Gov't Opp'n at 1.) In "light of all the circumstances," the Court therefore awards Plaintiff $5,644.38 for the work performed in this case. Oguachuba, 706 F.2d at 99.

### B. Whether Attorney's Fees Should Be Awarded To Plaintiff Or Plaintiff's Counsel

As stated, the Government requests that if fees are granted, they be paid directly to the prevailing party. (Gov't Opp'n at 5.) The Commissioner asserts that the literal language of Section 2412(d) requires the award of attorney's fees to go directly to the "prevailing party," not counsel. (Id.) See also Williams, 2008 LEXIS 36349, at *4-5 . The Court acknowledges that several courts in this district and elsewhere have ordered that attorney's fees be paid directly to the party and not the attorney. See Chonko v. Comm'r of Soc. Sec., No. 06-1647, 2008 U.S. Dist. LEXIS 32867, at *13 (D.N.J. Apr. 22, 2008) (concluding that "prevailing party. . . refers to the litigant herself, not her attorney"); Gardenshire v. Comm'r of Soc. Sec., 06-1188, at 5 (D.N.J. Jun. 25, 2007) (interpreting the plain language of the EAJA as providing that the Court should award fees and costs to the prevailing party, and not to the prevailing party's attorney); Manning v. Astrue, 510 F.3d 1246 (10th Cir. 2007) (the language of the EAJA supports the conclusion that attorney's fees should be awarded to the prevailing party and not her attorney). However, this Court is concerned that awarding these fees to the party and not counsel is at odds with the purpose of the EAJA – to "prevent unreasonable government action by providing attorneys to parties who could not otherwise afford one." Smith v. Astrue, 2007 U.S. Dist. LEXIS 96826, at

---

[2] Plaintiff's counsel calculated a rate of $153.25 per hour. (Petr.'s Br., Affidavit of Attorney's Services, 3.)

*7 (N.D. Ala. Oct. 11, 2007).

In enacting the EAJA, Congress sought to incentivise litigants to challenge governmental action by paying for their attorneys.  The EAJA further incentivises attorneys to represent these primarily indigent litigants by compensating them when they are successful.  Smith, 2007 U.S. Dist. LEXIS 96826, at *8-9.  Awarding EAJA attorney's fees to the plaintiff and not plaintiff's counsel presents the potential scenario where a plaintiff could elect to then not pay his or her attorney.  This situation would result in a windfall for the plaintiff, while the attorney would be left without compensation.  Stephens, 539 F. Supp. 2d 809.  Such a result would frustrate Congress' purpose in enacting the EAJA.  As such, the Court is persuaded to adopt the position that attorney's fees be awarded directly to the Plaintiff's counsel.  See also Vargas v. Comm'r of Soc. Sec., No. 07-3586, 2008 U.S. Dist. LEXIS 18964 (D.N.J. Mar. 12, 2008) (holding that the Court will follow the established practice of disbursing EAJA legal fees directly to counsel); Stephens v. Astrue, 539 F. Supp. 2d 802, 809 (D. Md. 2008) (stating that principles of statutory construction and the body of case law interpreting other fee shifting statutes supports that the attorney, not the plaintiff, is entitled to fees).

Additional support for the Court's position can be found in the interpretation of other federal statutes with similar fee-shifting provisions.  "The Supreme Court has repeatedly stated that the prevailing party language in federal fee-shifting statues should be interpreted consistently." Id. at 815, quoting Buckhannon Bd.& Care Home, Inc. v. W. Wa. Dep't of Health and Human Resources, 532 U.S. 598, 603 n.4 (2001).  Courts have found that the fee belongs to the attorney under the fee-shifting provisions of the Civil Rights Attorneys Fees Act of 1976, 42 U.S.C. § 1988(b), the Internal Revenue Code, 26 U.S.C. § 7430(a)(2), the Fair Housing Act, 42

U.S.C. § 1988(b), the Fair Labor Standards Act, 42 U.S.C. § 1988(b), and the False Claims Act, 31 U.S.C. § 3730.  Id. at 816.  The Court similarly construes the "prevailing party" language within the EAJA to represent Congressional intent for attorney's fees to be awarded directly to Plaintiff's counsel.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Meyler's motion in part.  An appropriate form of Order accompanies this Opinion.

Dated: July 7, 2008

                                                        s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.